UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS LOUIS NOTARO,

Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

Respondent.

CASE NO. 3:19-cv-05531-BHS-JRC

REPORT AND
RECOMMENDATION

NOTED FOR: OCTOBER 4, 2019

This habeas corpus petition has been referred to the undersigned Magistrate Judge. Petitioner, proceeding *pro se,* filed the petition pursuant to 28 U.S.C. § 2254. The Court recommends that the action be dismissed. Petitioner has failed to comply with a Court order and failed to prosecute this action.

BACKGROUND

On June 10, 2019, petitioner filed his proposed petition. Dkt. 1. Petitioner did not file an application to proceed *in forma pauperis* ("IFP") or pay the filing fee. Dkt. 1; Dkt. 2. Petitioner also failed to provide a complete habeas corpus petition. *Id.* On June 12, 2019, the Clerk's Office

1    instructed petitioner to file a complete habeas corpus petition and pay the filing fee or file the

2    proper IFP form by July 12, 2019. Dkt. 2. The Clerk's office provided petitioner with the correct

3    forms. Dkt. 2-1; Dkt. 2-2.

4         On July 23, 2019, the Court ordered petitioner to submit a complete habeas corpus

5    petition and the proper IFP form or pay the filing fee by August 23, 2019. Dkt. 3. The Court

6    advised petitioner that if he failed to comply with the Court's order, the Court would recommend

7    dismissal of this action. Dkt. 3. Petitioner has not submitted the proper IFP form, paid the filing

8    fee, or submitted a complete habeas corpus petition. *See* Dkt.

9                                    DISCUSSION

10        Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal if a petitioner

11   fails to prosecute or to comply with a court order. The dismissal counts as an adjudication on the

12   merits unless the Court provides otherwise. To date, petitioner has failed to submit a complete

13   habeas corpus petition, the proper IFP form, or pay the filing fee. *See* Dkt. Petitioner has failed to

14   comply with the Court's order and has also failed to prosecute this action. Petitioner does not

15   show good cause for not complying with the Court's order. Accordingly, the Court recommends

16   this action be dismissed without prejudice.

17                                    CONCLUSION

18

19        The Court recommends that this action be dismissed for failure to comply with a Court

20   order. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), petitioner shall have fourteen

21   (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure

22   to file objections will result in a waiver of those objections for purposes of de novo review by the

23   district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

24

1    Civ. P. 72(b), the clerk is directed to set the matter for consideration on **October 4, 2019** as

2    noted in the caption.

3        Dated this 10th day of September, 2019.

4

5

6

7    J. Richard Creatura
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24